Next case on our calendar is Harper v. Hill. Mr. Schraer, you can turn on your video. Judges, I'll give Mr. Schraer a call. Hello, can you hear me now? We can hear you, but we don't see you. Oh, there we go. Okay. I found the button. Sorry, I was pressing the wrong button. Sure, you can begin whenever you want. Just watch the clock if you want to reserve some time for rebuttal. Okay, thank you, Your Honor. Your Honor, this is a case that involves a bad sin issue as to four jurors. And we discussed them at length in the briefs. And in the 10 minutes, there's not enough time to go through all of that. But I wanted to try to break it down into three points, which I think categorizes most of the reasons that we've laid forth about why the challenges were invalid. And the first point has to do with some cases from this court and the United States Supreme Court case, particularly the McLean case that we cite several times, Lewis v. Lewis, which we also cite several times. In McLean, it says the fact that one or more of the prosecutor's justifications do not hold up under judicial scrutiny, militates against the sufficiency of a valid reason. And there's also a Supreme Court case of the same effect, Miller v. Cockrell, which we cite, which said a state court's factual determination will be overturned on factual grounds when it is subjectively unreasonable in light of the evidence presented at the state court proceedings. In this case, nine of the stated reasons fall into that category, nine MS of different jurors. Both of them as to MS, that's the juror who discussed the presumption of innocence. The prosecutor stated that he was combative. He raised his voice and quarreled with defense counsel, and that was a major reason. And the judge flat out rejected that. So the evidence or the record does not support that stated reason. And the second stated reason was that the prosecutor did not want a juror who was going to quarrel with what he said was every single definition. That was a categorical statement. During the course of the voir dire, the parties in the court brought up 12 different sorts of definitions that was going to be used during the instructions of the jury, including very important ones like malice and self-defense, which were going to be like the major issues in the case. And at none of them did this juror, did MS say, I have a problem with one of those. So that reason, which is the second reason for challenging the juror, also is not supported by the record. As to juror WB, that was the post-search. If I go back to MS, but didn't juror MS on his own question the presumption of innocence that he raised himself without anyone even probing that? He did. He did. But as they brought up the others, they said, do you have a problem with this? And he never spoke. But isn't that enough? I mean, you know, if you're a prosecutor, I don't know what the conviction rate, I mean, conviction in federal trials, like 90%, but I assume it's still pretty high for state cases. You know, if you're a prosecutor, you probably you want, you don't want a juror who may be questioning basic things, even if it may be in your favor, because you're afraid that juror in the jurors room might start questioning more safe choice. So why isn't that a reason there for prosecutors to say, you know, this person's questioning basic things. He or she is a wildcard. Well, at the end of the day, though, it seemed that what this juror was saying actually fit in pretty well with the presumption of innocence. He was saying he didn't view it as being one way or the other. He was on the fence. And that's actually what the presumption of innocence ultimately is for, is to make sure that you don't go in with a biased juror. But the fact that he raised it, I don't think, in and of itself, gives light or supports the ultimate reason that the prosecutor stated about questioning every single thing. The other thing I would point out is that prosecutors simply didn't ask him if he would have a question about some of the important things that the prosecutor or that the jury was going to have to decide in this case, such as place. And he got it resolved in a way where he said, Oh, I understand it now. I can go along with that means that he's going to be questioning anything else. He made it very clear during the discussion of this point, that he would accept that. Now that he was enlightened, and he heard about it, he would accept that that's the that's the rule that he would follow it. So, counsel, why was it just focusing on MS? Why was it objectively unreasonable for the intermediate California court to conclude that the trial judge who served the prosecutor heard the responses of this particular juror and concluded that I don't think there was any gender animus of some kind at play here. I conclude there wasn't. There's no Batson issue here. So what? Why was the state court objectively unreasonable and decided because I think that's what you're facing objectively unreasonable in saying that the basically the state court judge was entitled to make that that determination what I don't quite understand how you get to the very hot as we all talk about the double difference. That's that's a real problem for you here. Despite everything you're talking about. Are you just are you just talking about MS? Are you talking? Yes, we're talking. We're focusing on MS. But I guess the question applies really to all of them. All four of them. Well, I think that when you have the prosecutor stating reasons that don't pan out with the evidence, you fall within the cases that I cited earlier. And the fact that other courts didn't, you know, see that is not a reason to affirm this case. I mean, a reversed in the other cases that I talked about. So it's sort of they come to an appellate court in the same posture as this one. They always do the courts below for some reason, found that there was no Batson error, it gets to the Ninth Circuit. And they look at the record and they find that there is so this is no different than then you have what you have in those situations. I mean, when you say that, that you're giving just reasons that the record doesn't bear out. Can I if I moved on to WB, maybe I could make that point more clearly. Because he's the postal worker where they stated prosecutor stated seven reasons and the court either explicitly or implicitly rejected five of them. So that's a lot. There's a that's a huge gap between what your stated reasons are, and what the record shows. And I think that when you have that sort of that sort of gap, it becomes significant. I mean, even with WB him being a letter carrier, and that's not the kind of juror prosecutor would want. We know that this juror served on five juries, including two criminal cases. So apparently, prosecutors did want a letter carrier. That's not a valid reason. It's just on the face of the record, not a proper reason. You know, I tried to argue that below and failed. And that's why we're here. We argued this at the Court of Appeal. So I think that when there's a big gap between the record and the stated reasons, that's a problem. And the other problem would be, in my opinion, that the failure to do any meaningful examination of the witnesses to determine if there was some merit to any of this, for example, with WB, to find out is he, they said he was overweight and a postal worker. Is being overweight mean that you're prosecution oriented or defense oriented? There are no questions to find out what he was actually thinking. What, you know, is this juror favorable or not favorable? And with juror SC, they said he was a teacher, therefore he's liberal, but they asked no questions, the prosecutor asked no questions about his views on any subject related to what being a liberal might mean. So to me, these are just sort of like neutral sounding reasons. But they're never really explored. And the record on some of them is contrary to what the, what the stated reason is. And if you're stating bad reasons, it's, it stands to reason that you're, you know, the justifications are not valid. Your Honor, I'm down to about a minute or so. May I save the rest of the time? Unless, Judge Leipitz, did you have any further questions? Thank you. I'm fine. Thank you. Good morning, Your Honors. Christopher Beasley, Deputy Attorney General on behalf of the respondent. I think that Judge Leipitz does nail it right on the head, on the head of the nail here that the standard of review is very, very important. The question is, was there, was the state court's decision so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement? Habeas relief is not available if there is fair minded, if fair minded jurists could disagree on the correctness of the state court's decision. So what that comes down to is, was the, was there an obvious and indisputable error? And on this record, I haven't heard anything that suggests there was an obvious and indisputable error that would warrant habeas relief. What, what we've heard is some overstatement of where there are, there are gaps between the prosecutor's observations and what the trial court observed. But those are overstated as to WB, for example, just because the trial court didn't observe the same physical characteristics did not mean that the trial court was rejecting those out of hand. In fact, the district court in its decision cited the Thaler versus Haynes case out of the U.S. Supreme Court, where the court said Batson did not hold that a demeanor based explanation must be rejected if the judge, the trial judge did not observe or cannot recall the jurors demeanor. So just because the trial judge didn't necessarily make those observations doesn't mean that it's a wholesale rejection of the prosecutors. Sorry to interrupt you, but for WB, the prosecutor, I don't know if it was you or someone else mentioned that postal workers are not good for prosecution. It appears the trial court accepted that. And I'm not, why aren't postal workers good for the prosecution? I'm not sure I understand that. I mean, I don't know, but I don't know if there's any particular stereotype or how that applies. Yeah, I think that I don't, I can't answer that. As a prosecutor myself, I don't know why I would necessarily want to exclude a postal worker. As the district court noted, the courts are actually in disagreement about this. Some courts say, yeah, I can see why a postal worker would be excluded. Other courts have said, no, that doesn't sound like a valid reason. I think it does come down, like you say, Judge Lee, I think it comes down to some unfavorable stereotypes that this prosecutor may well have held, but even unfavorable stereotypes are gender neutral. They may be gender neutral on their face, but the more absurd they are, the more suspect they are. It sort of lends to an inference of pretext. I mean, that's the problem. I mean, I have to say that in a situation, and the judge, with respect to the mail carrier, virtually rejects every reason that the prosecution offers in defense of the strike. If we were hearing this on direct appeal, I think it would be very difficult to conclude that the ultimate credibility of the determination of the judge was supported by substantial evidence when he himself rejects virtually every explanation for striking this juror. So, I mean, isn't there really powerful evidence and pretext here when all the reasons for striking this juror seem on their face absurd? I don't think that all the reasons on their face are absurd. And again, just because the trial judge didn't make the same observations doesn't mean he was rejecting them. And I would note that the weight issue, that this juror might have been overweight, and the postal worker, courts are in disagreement about that. And this is why the standard review matters. Yes, I agree. If this was on direct appeal, it might be more difficult. But where there is disagreement among jurists on an issue, there is room for fair-minded disagreement. And if there is room for that fair-minded disagreement, AEDPA requires the preclusion of federal habeas relief. And the other piece of that, and I think that Judge Lopez, you actually have mentioned it earlier, is that there are credibility determinations that are at play here. This is a trial judge that's seeing in person the prosecutor giving the reasons and can see for himself the sincerity of the prosecutor. Even if on a cold record the reasons may seem absurd, the sincerity of the prosecutor is something that the trial judge is able to take into consideration because he or she is making those interpersonal kind of observations. And so that's also part of this analysis that goes into this. This is a trial judge who took very seriously his responsibility under Batson and even made comments about this is getting about as thin as it can get with MS. And then decided, you know, I still believe this, though. I still believe that these reasons and rationales are gender neutral and therefore suggest that this is a trial judge that is finding this prosecutor to be credible. And that comment came with Juror MS, where that juror had raised his hand, like you mentioned, Judge Lee, unprompted raised his hand and had some concerns about the presumption of innocence. It was such a concern that it's so serious that the trial judge actually ended up engaging in further discussion about that legal concept because the trial judge wanted to make sure that this juror understood what the presumption is. Given those kinds of circumstances and what what what was happening in the trial court, I don't think that the council can show that these decisions by the state trial courts by the state court of appeal was unreasonable or objectively unreasonable. And so when we apply that standard of review and and look at what happened here, there is no basis for for the granting of federal habeas relief. In this case, each of these each of these jurors was was dismissed for on gender neutral grounds. The record does support it. The district court did a great job in analyzing each of these jurors and showing why there is there's evidence in the record that would support the trial judge's conclusions. Unless this court has any questions, I'm happy to submit. Just a couple of quick comments. Attorney General suggests that the judge didn't see the things that the prosecutors saw with respect to W.B. But all of those things the judge did see. And he said so. He said, I didn't see that he looked like he was an alcoholic and all these other things. So that was visible to the judge. The other point is with just Judge Lee said about or asked about why is this postal worker not not a good juror? In the brief, I cite Miller versus Dredge at 545 U.S. page 246. It said the state's failure to engage in any meaningful voir dire examination on a subject the state alleges it is concerned about is evidence suggesting that the explanation is a sham and a priest checks for discrimination. That applies here. If you don't like postal workers, ask about it. And in the cases in which that was found to be a good excuse or good reason, they had personal experiences with postal workers. They didn't have it. The pressure didn't have it here. I've got over my time. I thank you for your patience. Thank you. Thank you both for the helpful argument. Case has been submitted.
judges: SCHROEDER, Lipez, LEE